# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 18, 2002

## STATE OF TENNESSEE v. DEVON LEE RAMSEY

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14923     F. Lee Russell, Judge**

---

**No. M2001-02445-CCA-R3-CD - Filed January 27, 2003**

---

Defendant, Devon Lee Ramsey, pled guilty to one count of Class D felony theft and three counts of Class E felony forgery. Following a sentencing hearing, the trial court sentenced Defendant to serve three and one-half years for the theft conviction, and one and one-half years for each of the forgery convictions. The trial court further ordered the sentences for the forgery convictions to be served concurrently with each other, but consecutively to the sentence for theft, for an effective sentence of five years on these convictions. These sentences were further ordered to be served consecutively to an effective sentence of two years for ten forgery convictions in Coffee County. Defendant has appealed arguing that the trial court erred by imposing excessive sentences and by ordering consecutive sentencing. After a review of the entire record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court is Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Merrilyn Feirman, Nashville, Tennessee (on appeal); Donna Leigh Hargrove, District Public Defender; Andrew Jackson Dearing, III, Assistant District Public Defender, Shelbyville, Tennessee (at trial and of counsel on appeal) for the appellant, Devon Lee Ramsey.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was twenty-two years old at the time of the sentencing hearing in September 2001. The offenses which are the subject of this appeal occurred in August 2000 when he was twenty-one years old. His prior criminal record included convictions for criminal trespass, resisting arrest, vandalism, and evading arrest in 2000. In 1999, Defendant had convictions for criminal trespass and

misdemeanor failure to appear. In 1998, he had a conviction for assault. Furthermore, in 1999, he was found to be in violation of his probation for his assault conviction.

The record reflects that the theft conviction resulted from Defendant's theft of an automobile in Coffee County which was found to be in his possession in Bedford County. The theft victim's checkbook had been left in the vehicle, and Defendant forged three checks in Bedford County. In addition, he forged at least ten other checks, leading to the convictions in Coffee County.

Defendant was employed sporadically, for reasonably short periods of time, prior to his arrests on these criminal charges. The pre-sentence report shows that he was fired from various jobs, and one previous employer reported that Defendant was often late or failed to report for work.

Defendant was placed in the custody of the Department of Human Services when he was a juvenile, having been found to be a dependent and neglected child. However, he left the placement home and was expelled from the school he was attending. He became homeless at age seventeen. He testified at the sentencing hearing that he had been having problems with drugs and/or alcohol, but he denied any use of drugs and/or alcohol to the probation officer who prepared the pre-sentence report. It was clear that he was basically estranged from his entire family.

At the time of the sentencing hearing, there were twenty-two statutory enhancement factors listed in Tennessee Code Annotated section 40-35-114. Subsequently, in Public Acts 2002, ch. 849, § 2 c, the legislature added a twenty-third enhancement factor, but listed it as enhancement factor (1) and renumbered previous factors (1) through (22) as (2) through (23). *See* Tenn. Code Ann. § 40-35-114 (2001 Supp.). In this opinion, we will refer to the enhancement factors of Tennessee Code Annotated section 40-35-114 as they existed at the time of the sentencing hearing.

The trial court found that two enhancement factors were applicable to all of the convictions: (a) the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, enhancement factor (1); and (b) the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, enhancement factor (8). *See* Tenn. Code Ann. § 40-35-114 (1997).

The trial court found that one mitigating factor applied, that there was no threatened serious bodily harm, mitigating factor (1), but did not give it any weight. *See* Tenn. Code Ann. § 40-35-113 (1997). Being a Range I standard offender, the possible range of punishment was not less than two nor more than four years for the theft conviction, and not less than one nor more than two years for each forgery conviction. Tenn. Code Ann. §§ 40-35-112(a)(4) and (5) (1997). As stated above, Defendant received a sentence of three and one-half years for the theft conviction, and one and one-half years for each forgery conviction.

The determination to order partial consecutive sentencing was based upon the trial court's finding by a preponderance of the evidence that Defendant is an offender whose record of criminal

activity is extensive and that the offenses were committed while Defendant was on probation. Tenn. Code Ann. §§ 40-35-115(b)(2) and (6) (1997).

In this appeal, Defendant argues that the sentence imposed is excessive, challenging both the length of the sentences imposed and the trial court's order of consecutive sentencing.

A defendant's sentence is reviewed by the appellate courts *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's actions, there must be an "affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances." *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). While determining or reviewing a sentence, the courts must consider:(1) the evidence received at trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence offered by the parties on the enhancement and mitigating factors; (6) any statement the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b); *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, has given due consideration and proper weight to the factors and sentencing principles, and has made findings of fact adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, if the trial court does not comply with statutory sentencing provisions, our review of the sentence is *de novo* with no presumption the trial court's determinations were correct. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, provided that the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. *State v. Zonge*, 973 S.W.2d 250, 259 (Tenn. Crim. App. 1997). The statutes prescribe no particular weight for an enhancement or mitigating factor. *State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

Regarding the length of the sentences imposed, Defendant argues on appeal that the trial court failed to consider as a mitigating factor the fact that Defendant was an abused and neglected child and was homeless at the age of seventeen. Furthermore, Defendant argues that the trial court placed too much weight on Defendant's prior criminal history, which consisted only of misdemeanor offenses and "may" have resulted from his homelessness. While Defendant's situation as a "dependent and neglected child" and the fact that he was homeless at the age of seventeen was well-established in the record, there was no proof by Defendant to show how this fact should mitigate the

sentences imposed in this case. While Defendant's situation may have been a mitigating factor for his previous convictions when he was eighteen and nineteen years old, this alone does not make that situation a mitigating factor for the present offenses on appeal. In addition, we find that the trial court did not err in the weight it afforded to enhancement factor (1), Defendant's criminal history.

Regarding consecutive sentencing, Defendant first argues that the trial court was required to determine that consecutive sentencing was (1) reasonably related to the severity of the offenses committed, (2) served to protect the public from further criminal conduct by the defendant, and (3) was consistent with general principles of sentencing, pursuant to *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995). As stated above, the trial court ordered consecutive sentencing based upon Defendant's extensive criminal record, and the fact that the offenses were committed while Defendant was on probation.

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4). *Wilkerson*, 905 S.W.2d at 939. However, such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Imfeld*, 70 S.W.3d at 708 (citing Tenn. Code Ann. §§ 40-35-102(1) and -103(2)).

We conclude the trial court did not err in ordering the sentences to be served consecutively. The aggregate sentence was justly deserved in relation to the seriousness of the offenses and was not greater than that deserved.

Defendant also argues that the criminal history is "neither extensive or [sic] very serious." The statutory criteria for authorizing consecutive sentencing does not specifically require that the criminal history be "serious." Noteworthy is the fact that Defendant has not addressed any error by the trial court in ordering consecutive sentencing based upon the fact Defendant was on probation at the time the offenses occurred. Even if we found error in the trial court's order of consecutive sentencing based upon an extensive criminal history, which we do not find, consecutive sentencing could still be upheld based upon the fact that Defendant was on probation at the time the offenses occurred.

The criminal offenses which are the subject of this appeal occurred in 2000. Earlier that year, and going back to 1998, Defendant had at least seven misdemeanor convictions and was unable, on at least one occasion, to successfully complete a period of probation. In addition, he has ten felony convictions for forgery in addition to the convictions in this appeal.

We conclude that the trial court did not err in ordering the sentences to be served consecutively. The aggregate sentence imposed was justly deserved in relation to the seriousness

of the offenses and was not greater than that deserved.  Accordingly, Defendant is not entitled to relief in this appeal, and the judgments of the trial court should be affirmed.

## CONCLUSION

After a thorough review of the record and the applicable law, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE